UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDELL RAMSEY,

        Petitioner,

v.

        Case Number: 2:24-cv-12570
        Honorable Sean F. Cox

LARRY PERRY,

        Respondent.
_____/

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan pretrial detainee Cordell Ramsey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court dismisses the petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings and because Ramsey has not exhausted his state court remedies. ECF No. 1. The Court also denies leave to proceed in forma pauperis on appeal.

**I.    Background**

Ramsey is presently confined at the Oakland County Jail in Pontiac, Michigan. Publicly available records for Michigan's Oakland County Circuit Court indicate that on November 26, 2024, Ramsey pleaded no contest to the charges of armed robbery, Mich. Comp. Laws § 750.529; and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. The state court docket reveals that Ramsey is awaiting sentencing on January 14, 2025.

During the pendency of his criminal case, Ramsey initiated this habeas petition challenging his state criminal proceedings on various bases including judicial bias, lack of

jurisdiction, ineffective assistance of counsel, evidentiary error, abuse of process, and due process violations. *See* Pet., ECF No. 1. Ramsey alleges that he attempted to appeal his issues with the Michigan Court of Appeals; however, his appeal was dismissed for failing to comply with the Michigan Court Rules. *Id*. at PageID.2. For relief, Ramsey requests a dismissal of all charges and immediate release from custody.

## II. Legal Standard

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

## III. Discussion

Title 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*,

878 F.3d 193, 206 (6th Cir. 2017). The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), vacated on other grounds 492 U.S. 902 (1989)).

Here, the three conditions for abstention are present. First, Ramsey has an ongoing state criminal prosecution pending in the Oakland County Circuit Court. Second, state criminal proceedings "implicate the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Third, state criminal proceedings provide an adequate opportunity for Ramsey to raise his constitutional challenges. Ramsey has alleged no facts to show that he is or will be unable to raise his constitutional claims in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, Ramsey does not seek a speedier trial, seek to avoid double jeopardy, or appear to face prejudice from retrial arising from ineffective assistance of counsel.

Additionally, even assuming extraordinary circumstances existed, Ramsey would still be required to attempt to exhaust available state remedies prior to seeking federal habeas relief. *See*

3

28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546. Accordingly, the habeas action is premature and must be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition.

A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. .

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2024

4